Jonathan Quint, Esq. (SBN206767)
LAW OFFICES OF JONATHAN QUINT
3911 Harrison Street
Oakland, CA 94611
Telephone: 510-595-9130
Fax: 510-653-8889

Attorneys for Secured Creditor
DAERIELLE CULVER

UNITED STATES BANKRUPTCY COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE:<br><br>THOMAS F. RUST,<br><br>DEBTOR | Case No.: 13-46146 CN 13<br><br>CHAPTER 13<br><br>**SECURED CREDITOR DAERIELLE CULVER'S OPPOSITION TO DEBTOR THOMAS F. RUST'S MOTION TO MODIFY CHAPTER 13 PLAN; MEMORANDUM IN SUPPORT OF TRUSTEE'S MOTION TO DISMISS; REQUEST FOR JUDICIAL NOTICE**<br><br>Hearing Date: December 16, 2014<br>Time: 10:00 AM<br>Location: 1300 Clay Street, Oakland, CA<br>Courtroom 215<br>Judge: Honorable Charles Novack |

SECURED CREDITOR, DAERIELLE CULVER ("Culver"), hereby submits her Opposition to Debtor Thomas Rust's Motion to Modify Chapter 13 Plan. On July 2, 2014, the Standing Trustee moved the Court to Dismiss Thomas F. Rust's Chapter 13 Case for Failure to Make Plan Payments.

On November 7, 2014, Secured Creditor, Daerielle Culver filed her Memorandum In Support Of The Trustee's Motion to Dismiss Chapter 13 Case For Failure to Make Plan Payments.

By this Opposition together with the attached Memorandum In Support of the Trustee's Motion to Dismiss, Daerielle Culver hereby requests that the Court dismiss Thomas F. Rust's Chapter 13 case.

**A. Modifications Are Subject to Court Discretion and Good Judgment.**

The Amended Chapter 13 Plan (mailed November 20, 2014) calls for an increase in monthly payments from $1980.00 to $2322.00. In the July 2, 2014 Motion, the Standing Trustee notes that Debtor Rust has been unable to comply with the payment plan. Since Rust could not make payments under the current plan, it is reasonable to assume that Rust will be unable to pay the increased amount under the modified plan.

Further, Rust states in his moving papers that

a) "Debtor has a non-paying tenant in his rental property and is therefore unable to collect rental income causing his total household income to significantly decline, b) Debtor has experienced decreased revenue from his solar business, contributing to decline in his total household income." (*Second Amended Motion to Modify Chap. 13 Plan, Page 2 Lines 6-16*).

The rental property Rust refers to in his Motion is the real property located at 43 Asilomar Circle, Oakland, CA, that was the subject of Superior Court Case #RG11577107. This is the real property which Rust refinanced several times, and from which he converted all of the loan proceeds for his personal use. After superior court hearing, the Court awarded Daerielle Culver, $141,586.89 plus interest of approximately $30,000. Rust's reduced household income from non-paying tenants together with decreased revenue from his solar business is a recipe for further default under the current or the modified payment plan. The Court should dismiss Debtor Rust's Chapter 13 case.

"The only limits on modification are those set forth in the language of the Code itself, coupled with the judge's discretion and good judgment in reviewing the motion to modify." (*In re Powers* (9th Cir.BAP 1996) 202 BR6189, 622]; In this case the Court has the discretion to exercise it judgment whether to grant modification, or dismissal. In this case, Culver asserts increased payments under the modified plan, or for that matter, any further payments under the current plan, would lead to the Debtor defaulting in his payments under either payment plan. The Court should exercise its discretion and deny the Debtor's motion and dismiss his Chapter 13 case.

**B. Modification Includes "Good Faith" Requirement.**

"In determining whether to grant a plan modification request, the court examines whether the modification has been proposed in "good faith" under 11 USC §1325(a) (3). [*In re Fridley* (9th Cir. BAP 2007) 380 BR 538,543; [*In re Sunahara* (9th Cir. BAP 2005) 326 BR 768, 781-782].

"Factors considered under the good faith requirement include an examination of the debtor's overall financial situation such as a) debtor's current disposable income; b) the likelihood the debtor's income will increase due to increased income or decreased expenses." (*Rutter Group Practice Guide, Bankruptcy, 2013; §§13:1326, 13:1328*)

In this case, Rust's Motion states he has a non-paying tenant and he has decreased business income from his solar business. Rust's disposable income will decrease causing further noncompliance with either payment plan. Culver asserts that Rust is using Chapter 13 bankruptcy protections to avoid paying the judgment she obtained in Superior Court, which with interest, is now approximately $172,000.

Hence, Culver asserts Rust's motion to modify the plan is not made in good faith.

### C. Conclusion

The Court, in its discretion, should deny the Debtor's motion to modify the plan and grant the Standing Trustee's Motion to Dismiss Rust's Chapter 13 plan for failure to make plan payments.

Dated: December 4, 2014

Respectfully submitted

_____

Jonathan Quint, Attorney for Daerielle Culver in Superior Court Case #RG11577107: Culver v. Rust